IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-209-D-BR |
| | § | |
| TONY EUGENE LYON, TANYA LEA | § | |
| LYON, GRAHAM SAVINGS | § | |
| FINANCIAL CORP., and MIDWESTERN | § | |
| CATTLE MARKETING, LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT THE UNITED STATES' MOTION FOR JUDGMENT
ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

Before the Court is the United States' Motion for Judgment on the Pleadings and/or

Summary Judgment.  [ECF 34].  Tanya Lyon filed a Response to the Motion, [ECF 36], as did

Midwestern Cattle Marketing, LLC ("MCM"), [ECF 38].[1]  This Court has considered all the

arguments of the parties set forth in these documents, as well as the United States' complaint,

[ECF 1], the public records in the appendix to the complaint, [ECF 2], and the public records in

*United States v. Toney Eugene Lyon* ("*Lyon I*"), No. 2:01-CR-00079-J-1 (N.D. Tex.), and *United*

*States v. Toney Eugene Lyon* ("*Lyon II*"), No. 4:16-CR-00249-A-1 (N.D. Tex.).  For the reasons

explained below, the Court recommends that the Motion for Judgment on the Pleadings and/or

Summary Judgment be GRANTED.

---

[1] Neither Tony Lyon—the former husband of Ms. Lyon—nor Graham Savings Financial Corporation filed a response or brief in opposition to the Motion.

## I. BACKGROUND

In this case, the United States seeks to foreclose a federal criminal restitution judgment lien on five parcels of real property in which Tony Lyon has an interest in partial satisfaction of the restitution judgment debt owed by Mr. Lyon in *Lyon I*.  [ECF 1].  Those five pieces of property are:

(1) the 180 acre homestead property located in Jack County, Texas (warranty deed recorded in Volume 593, Page 931, as Instrument No. 2428);

(2) the 14.678 acre property located in Parker County, Texas (warranty deed recorded in Volume 1719, Page 1103, as Instrument No. 315342);

(3) the 21 acre property located in Parker County, Texas (warranty deed recorded in Volume 1719, Page 1105, as Instrument No. 315343);

(4) the 1 acre property located in Palo Pinto County/Parker County, Texas (warranty deed recorded in Volume 1689, Page 620, as Instrument No. 300376); and

(5) the 77.07 acre property located in Palo Pinto County/Parker County, Texas (warranty deed recorded in Volume 1470, Page 1707, as Instrument No. 190343).

[ECF 2 at Ex. F, H-K].  The circumstances surrounding the United States' foreclosure action are described below.

Mr. Lyon has twice been convicted of federal financial crimes involving fraud or deceit.  On April 8, 2002, Mr. Lyon pleaded guilty to making a false statement to a bank in violation of 18 U.S.C. § 1014.  The Amarillo Division of this Court entered a judgment of conviction against Mr. Lyon on July 12, 2002, sentencing him to a term of 37 months of imprisonment and ordering him to pay restitution under the Mandatory Victims Restitution Act ("MVRA") in the amount of $6,082,754.29 to the Clerk of Court for the Northern District of Texas for disbursement to Bank of America—the victim of the false statement crime.  *Id.* at Ex. A; *see Lyon I*, No. 2:01-CR-00079-J-1 (N.D. Tex. July 12, 2002) (Robinson, J.).  Nearly fifteen years later, on November 4,

2016, Mr. Lyon pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. The Fort Worth Division of this Court entered a judgment of conviction against Mr. Lyon on March 24, 2017, sentencing him to a term of 120 months of imprisonment and ordering him to pay restitution under the MVRA in the amount of $5,137,449.00 to the Clerk of Court for disbursement to MCM—the victim of the wire fraud crime. *See Lyon II*, No. 4:16-CR-00249-A-1 (N.D. Tex. Mar. 24, 2017) (McBryde, J.). Mr. Lyon apparently owes the full restitution balance in *Lyon II* and, as of October 5, 2017, an outstanding restitution balance of $5,619,156.97 in *Lyon I*.

After judgment was entered against Mr. Lyon in *Lyon I*, the United States, in 2002 and 2003, recorded notices in Jack County, Parker County, and Palo Pinto County of a Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, placing "a lien in favor of the United States upon all property belonging to [Mr. Lyon]." [ECF 2 at Ex. C-E]. Graham Savings Financial Corporation ("GSFC") subsequently recorded a deed of trust in Jack County on the 180 acre homestead property, which renewed and extended GSFC's first-in-time mortgage lien on the property. *Id.* at Ex. G. Before judgment was entered against Mr. Lyon in *Lyon II*, MCM in 2017 recorded abstracts of judgment against Mr. Lyon in Jack County, Parker County, and Palo Pinto County. *Id.* at Ex. L-N. MCM's abstracts of judgment are based on a state court judgment entered against Mr. Lyon on February 3, 2017, in the amount of $17,193,765.02. *Id.* at Ex. L-N.

On October 26, 2017, the United States filed its complaint. [ECF 1]. GSFC, Ms. Lyon, and MCM filed their respective answers to the complaint, [ECF 7, 9, 13], but Mr. Lyon never filed an answer or otherwise appeared in the case. As a result, the Clerk entered a default against Mr. Lyon. [ECF 24]. The District Judge subsequently entered an order of default judgment against Mr. Lyon regarding the 180 acre homestead property. [ECF 25]. On June 19, 2018, the

United States filed the Motion for Judgment on the Pleadings and/or Summary Judgment before the Court.  [ECF 34].

## II.  <u>STANDARD OF REVIEW</u>

The United States has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).  "A motion for judgment on the pleadings . . . should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law."  *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' "  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  "However, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' "  *Ruiz v. Brennan*, 851 F.3d 464, 471 n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*,

339 F.3d 359, 362 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

A court ruling on a Rule 12(c) motion may rely on the complaint, appendices to the complaint, and public records without converting the motion into one for summary judgment. *See, e.g.*, *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) ("If the district court does not rely on materials in the record, such as affidavits, it need not convert a motion to dismiss into one for summary judgment."); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.' " (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (noting that the consideration of public records "does not convert [a 12(b)(6)] motion into one for summary judgment").

The United States has also moved for summary judgment under Federal Rule of Civil

Procedure 56.  Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "Therefore, [summary] judgment is properly entered if the summary judgment record shows that there is no material fact issue and that the movant is entitled to judgment as a matter of law." *Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008).  "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In deciding a motion for summary judgment, the Court "views all evidence in the light most favorable to the non-moving party." *Dacar v. Saybolt, L.P.*, 907 F.3d 215, 221 (5th Cir. 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (citing *Celotex*, 477 U.S. at 321-23). "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005) (citing *Celotex*, 477 U.S. at 324).

## III.  ANALYSIS

The Court's analysis is divided in three parts.  First, the Court addresses whether the United States is entitled to partial judgment on the pleadings and partial summary judgment to

foreclose on the five pieces of property in which Mr. Lyon has an interest. Second, the Court addresses whether the United States is entitled to judgment on the pleadings against Mr. Lyon, Ms. Lyon, and MCM. And third, the Court addresses whether the United States is entitled to summary judgment against GSFC.

## A. The United States' Entitlement to Foreclose

The United States filed this foreclosure action under the MVRA.[2] Section 3663A of the MVRA provides that "when a defendant has been convicted of any of a list of specified offenses, including 'any offense committed by fraud or deceit,' the sentencing court 'shall order . . . that the defendant make restitution to the victim of the offense.' " *United States v. Maturin*, 488 F.3d 657, 660 (5th Cir. 2007) (quoting 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii)). "The purpose of restitution under the MVRA is to compensate victims for losses . . . ." *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). Section 3664(m)(1)(A)(ii) of the MVRA authorizes the United States to enforce an order of restitution "by all other available and reasonable means." *See United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) ("The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." (citing 18 U.S.C. § 3664(m)(1)(A)(i)-(ii)).

Section 3613(f) of the MVRA provides that "all provisions of . . . section [3613] are available to the United States for the enforcement of an order of restitution." In turn, section 3613(c) of the MVRA provides that "an order of restitution made pursuant to section[] . . . 3664 of [the MVRA] is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the

---

[2] The United States also filed this foreclosure action under the Judicial Sales Act ("JSA"). The JSA "details the procedural and notice requirements for a 'sale of realty' under 'any order or decree of any court of the United States.' " *Riley v. CitiMortgage, Inc.*, No. 3:16-CV-2970-BH, 2018 WL 1899292, at *4 n.5 (N.D. Tex. Apr. 20, 2018) (quoting 28 U.S.C. §§ 2001-2002); *see S.E.C. v. Janvey*, 404 F. App'x 912, 915 (5th Cir. 2010) (explaining that 28 U.S.C. § 2001 "governs the sale of real property").

Internal Revenue Code of 1986." *See United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010) ("The [MVRA] makes a restitution order enforceable to the same extent as a tax lien." (citing 18 U.S.C. § 3613(c)). Section 3613(a) further provides that "[n]otwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined" apart from certain enumerated exceptions. *See United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010) ("The MVRA broadly permits the United States, notwithstanding any other federal law, to enforce a restitution order 'against all property or rights to property of the person fined.' " (quoting 18 U.S.C. § 3613(a)).

> The Court of Appeals for the Fifth Circuit has explained that "a claim based on a general federal tax lien" must allege: (1) the date the Government assessed the tax; (2) that the Government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the Government seeks foreclosure of its federal tax lien. *United States v. Blakeman*, 997 F.2d 1084, 1089 (5th Cir. 1992), *opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman*, No. 91-1027 (5th Cir. July 28, 1993). Courts interpreting *Blakeman* in the restitution context have found that the Government sufficiently states a claim for foreclosure of a lien if it (1) states the date the lien was assessed; (2) indicates that it has given notice of the assessment, made a demand for payment, and filed notice in the public records; and (3) seeks to foreclose its lien. *See, e.g.*, *United States v. Toll*, No. 16-CV-62214-BLOOM/Valle, 2016 WL 7048321, at *3 (S.D. Fla. Dec. 5, 2016).

*United States v. Stallons*, No. 3:16-CV-2730-L (BK), 2018 WL 3640201, at *2 (N.D. Tex. Apr. 23, 2018).

The United States argues that it has alleged all of the facts necessary to demonstrate entitlement to foreclose on the five pieces of property in which Mr. Lyon has an interest. The Court agrees. The United States alleges within its complaint that:

> (1) a federal tax-type lien arose when this Court entered a judgment of conviction against Mr. Lyon on July 12, 2002, ordering him to pay restitution [ECF 1 at ¶¶ 9-10];
>
> (2) the United States in 2002 and 2003 recorded notices in the official records of Jack County, Parker County, and Palo Pinto County of the federal judgment

lien against Mr. Lyon [ECF 1 at ¶ 10]; and

(3) the United States intends to foreclose the federal judgment lien on the five
pieces of property in which Mr. Lyon has an interest [ECF 1 at ¶¶ 1, 8].

Such allegations are sufficient to state a claim for foreclosure of a federal tax lien.  *See id.*

### 1. Partial Judgment on the Pleadings to Foreclose

The Court concludes that the United States is entitled to partial judgment on the pleadings

to foreclose on the five pieces of property in which Mr. Lyon has an interest because the material

facts are not disputed by Mr. Lyon, Ms. Lyon, or MCM; further, the pleadings show that the

United States is entitled to foreclose as a matter of law.  Mr. Lyon is deemed to have admitted

the essential allegations of the complaint because he never filed an answer to the complaint.  *See*

*Pac. Indem. Co. v. Broward Cty.*, 465 F.2d 99, 103 (5th Cir. 1972) ("If the answer fails to deny

an averment in the complaint it is deemed admitted." (citing Fed. R. Civ. P. 8)); *Campbell*

*Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, No. 17-10272, 2018 WL 3435079,

at *8 (5th Cir. July 13, 2018) ("The only effect of failing to answer is that the allegations in the

complaint (or counterclaim) are deemed admitted." (citing Fed. R. Civ. P. 8(b)(6)).  Ms. Lyon

admitted the essential allegations of the complaint within her answer to the complaint.  [ECF 9 at

¶¶ 1, 8].[3]  MCM admitted the essential allegations of the complaint within its answer to the

complaint.  [ECF 13 at ¶¶ 1, 8-10].  Additionally, the complaint shows that the United States has

alleged all of the facts necessary to foreclose.  It is therefore recommended that the United States

be granted partial judgment on the pleadings to foreclose.

### 2. Partial Summary Judgment to Foreclose

The Court concludes that the United States is entitled to partial summary judgment to

---

[3] In paragraph 8 of Ms. Lyon's answer, she admitted "the allegations contained in paragraph 8 through 20" of the complaint.

foreclose on the five pieces of property in which Mr. Lyon has an interest because GSFC has not

met its burden to produce evidence of a genuine issue of material fact for trial and the United

States is entitled to foreclose as a matter of law.  In its answer, GSFC generally denied all the

allegations of the United States' complaint, except it admitted that it has a first-in-time mortgage

lien on the 180 acre homestead property.  [ECF 7].[4]  By that general denial, GSFC put every fact

in the case—except those specifically admitted—at issue.  *See United States v. Jones*, 244 F.3d

135, 2000 WL 1901546, at *1 (5th Cir. 2000) ("[B]y entering a general denial, [the defendant]

put every fact in the Government's case at issue."); *Mary Kay, Inc. v. Dunlap*, No. 3:12-CV-

0029-D, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) ("A party that intends in good faith

to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by

a general denial.  A party that does not intend to deny all the allegations must either specifically

deny designated allegations or generally deny all except those specifically admitted." (alteration

omitted) (quoting Fed. R. Civ. P. 8(b)(3)).  Therefore, the initial summary judgment burden was

on the United States to show the absence of a genuine issue of material fact regarding its

entitlement to foreclose on the five pieces of property in which Mr. Lyon has an interest.  The

United States satisfied that burden by identifying four public records in the appendix to the

complaint—i.e., the judgment of conviction against Mr. Lyon in *Lyon I* and the recorded notices

in the official records of Jack County, Parker County, and Palo Pinto County of the federal

judgment lien against Mr. Lyon.  *See* [ECF 2 at Ex. A, C-E].  GSFC has not produced any

evidence on summary judgment that would enable a reasonable trier of act to question the

validity of the public records produced by the United States.  In fact, GSFC did not even file a

---

[4] The Court notes that GSFC's general denial is unusual in that "situations in which the complaint can be completely controverted [in federal court] are quite rare." *Mary Kay, Inc. v. Dunlap*, No. 3:12-CV-0029-D, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1265, at 549 (3d ed. 2004)).

response or brief in opposition to the United States' Motion for Judgment on the Pleadings
and/or Summary Judgment.  Finally, the summary judgment record shows that the United States
has presented all of the facts necessary to foreclose in the appendix to the complaint.  It is
therefore recommended that the United States be granted partial summary judgment to foreclose.

### B.  The United States' Entitlement to Judgment on the Pleadings Against Mr. Lyon, Ms. Lyon, and MCM

#### 1.  Mr. Lyon

The United States argues that it is entitled to judgment on the pleadings against Mr.
Lyon.  In effect, the United States seeks a default judgment against Mr. Lyon for failing to file an
answer to the complaint.  The Court concludes that the United States is entitled to a default
judgment against Mr. Lyon based on the reasoning of the default judgment order entered by the
District Judge in this case.  *See* [ECF 25].  The Court notes that Mr. Lyon never responded to the
United States' Motion for Judgment on the Pleadings and/or Summary Judgment, and the time
within which to file a response to the United States' Motion has expired.  Further, Mr. Lyon has
been properly served with process in this case, but has failed to file an answer or otherwise
appear in this case.  *See id.*  Accordingly, Mr. Lyon is in default, and the Clerk has entered a
default against Mr. Lyon.  *See id.*  It is therefore recommended that the United States be granted
a default judgment against Mr. Lyon's interest in the 14.678 acre property, the 21 acre property,
the 1 acre property, and the 77.07 acre property.[5]

#### 2.  Ms. Lyon

#### a.  Community Property Subject to Foreclosure

The United States argues that it is entitled to judgment on the pleadings against Ms.

---

[5] The Court notes that the United States has already been granted a default judgment against Mr. Lyon's interest in the 180 acre homestead property.  *See* [ECF 25].

Lyon.  Specifically, the United States argues that it is entitled to judgment on the pleadings

against Ms. Lyon's interest in the 180 acre homestead property, the 14.678 acre property, the 21

acre property, the 1 acre property, and the 77.07 acre property.  The Court agrees.

"It is well-settled that in federal taxation cases, the definition of underlying property

interests is left to state law, but the consequences that attach to those interests are determined by

reference to federal law."  *In re Orr*, 180 F.3d 656, 660 (5th Cir. 1999) (citing *United States v.

Rodgers*, 461 U.S. 677, 683 (1983); *Aquilino v. United States*, 363 U.S. 509, 513 (1960)).  "In

Texas, marital property consists of all property that a spouse brings to the marriage or acquires

during the marriage."  *Gray v. United States*, 553 F.3d 410, 412-13 (5th Cir. 2008).  Texas law

provides that "[a]ll marital property is . . . either separate or community."  *Eggemeyer v.

Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977) (quoting *Hilley v. Hilley*, 342 S.W.2d 565, 567

(Tex. 1961)).  Texas law defines the term "separate property" as

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or
descent; and

(3) the recovery for personal injuries sustained by the spouse during marriage,
except any recovery for loss of earning capacity during marriage.

Tex. Fam. Code § 3.001.  The term "community property" is defined as "property, other than

separate property, acquired by either spouse during marriage."  *Id.* § 3.002.  "All property that

the spouses possess during their marriage is presumed to be community property, *id.* § 3.003,

and each spouse has an undivided, one-half interest in all community assets, *Medaris v. United

States*, 884 F.2d 832, 833 (5th Cir. 1989)."  *United States v. Elashi*, 789 F.3d 547, 549 (5th Cir.

2015).  Texas law provides that "the homestead may be the separate property of either the

husband or wife, or community property."  *Matter of Claflin*, 761 F.2d 1088, 1092 (5th Cir.

1985) (quoting *Crowder v. Union Nat. Bank of Houston*, 261 S.W. 375, 377 (Tex. Comm'n App. 1924)); *see* Tex. Fam. Code § 5.001 ("Whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber the homestead without the joinder of the other spouse . . . .").

Texas law classifies community property as either solely or jointly managed.  *See* Tex. Fam. Code § 3.102; *Elashi*, 789 F.3d at 549 ("Community property is further classified as either solely managed community property or jointly managed community property.").  Solely managed community property is "the community property that the spouse would have owned if single."  Tex. Fam. Code § 3.102(a).

> Property that a spouse would have owned if single includes personal earnings, revenue from separate property, personal injury recoveries, and "the increase and mutations of, and the revenue from" the spouse's sole management property. *Id.* §§ 3.102(a)(1)-(4).  Other community property is presumed to be joint management property unless the spouses provide otherwise by power of attorney in writing or other agreement.  *Id.* § 3.102(c).  Further, when the sole management property of one spouse is mixed or combined with the other spouse's sole management property, the commingled property is considered to be jointly managed property, absent a written agreement to the contrary.  *Id.* § 3.102(b).

*Loftis*, 607 F.3d at 179.  "[U]nder Texas law, community property that is solely or jointly managed by the debtor (not the debtor's spouse) is subject, in its entirety, to the debtor's liabilities."  *Elashi*, 789 F.3d at 552; *see* Tex. Fam. Code § 3.202(c) ("The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage.").

Fifth Circuit case law supports the proposition that the United States may foreclose on all of a married couple's jointly managed community property under section 3.202(c) in order to satisfy a federal criminal restitution judgment lien.  *See, e.g.*, *Elashi*, 789 F.3d at 551 (explaining that a federal criminal restitution judgment lien attaches to "all of [a married] couple's jointly

managed community property, including the non-debtor spouse's undivided one-half interest in

the property" under Texas law); *In re Buescher*, 783 F.3d 302, 306 (5th Cir. 2015) (explaining

that section 3.202(c) "makes all jointly-held community property liable for the debts of either

spouse"); *Loftis*, 607 F.3d at 178-79 ("Section 3.202(c) permits the government to [foreclose on

the non-debtor spouse's] one-half interest in the couple's community assets that were jointly

managed or solely managed by [the debtor spouse]. . . .  Section 3.202(c) . . . renders all jointly

managed community property subject to the nortorious liabilities incurred by [the debtor

spouse.]"); *Gray*, 553 F.3d at 413 (acknowledging that "a creditor may satisfy a debt from all

community property subject to the liable spouse's sole or joint management, control, and

disposition" under section 3.202(c)); *United States v. Aguirre*, 476 F. App'x 333, 335 (5th Cir.

2012) ("Thus, unless property is solely managed or controlled by a defendant's spouse, a district

court in Texas may properly allow the Government to seize both a defendant's and his spouse's

interests in property to satisfy a criminal debt."); *In re Solomon*, 129 F.3d 608, 1997 WL 680934,

at *3 (5th Cir. 1997) ("[U]nder Texas law, community property subject to sole or joint control of

a spouse is subject to the liabilities of that spouse.").

The Court concludes that the United States is entitled to judgment on the pleadings

against Ms. Lyon.  The United States is seeking to foreclose a federal criminal restitution

judgment lien on five pieces of property in which Ms. Lyon has an interest in order to partially

satisfy the restitution judgment debt owed by Mr. Lyon in *Lyon I*.  It is undisputed that the five

pieces of property were acquired by one or both of the Lyons during their marriage and that the

Lyons were still married at the time the federal judgment lien arose against Mr. Lyon.  It is

readily apparent from public records in the appendix to the complaint that the five pieces of

property were a part of the Lyons' jointly managed community property.  Four of those public

records indicate that the warranty deeds to the 180 acre homestead property, the 14.678 acre property, the 21 acre property, and the 1 acre property were directly conveyed to the Lyons. [ECF 2 at Ex. F, H-J].  Because the Lyons were married at the time of the conveyances, the 180 acre homestead property, the 14.678 acre property, the 21 acre property, and the 1 acre property presumably became a part of the then-married couple's jointly managed community property. One of those public records indicates that the warranty deed to the 77.07 acre property was directly conveyed to Mr. Lyon.  [ECF 2 at Ex. K].  Because the Lyons were married at the time of the conveyance, the 77.07 acre property also presumably became a part of the then-married couple's jointly managed community property.

Accordingly, the Court concludes in light of the public records in the appendix to the complaint that the United States' federal criminal judgment lien attached to all five pieces of the Lyons' jointly managed community property under section 3.202(c).  The Court further concludes that the United States is entitled to foreclose on Ms. Lyon's undivided one-half interest in the five pieces of property under section 3.202(c) to partially satisfy the restitution judgment debt in *Lyon I*.  It is therefore recommended that the motion for judgment on the pleadings be granted against Ms. Lyon's interest in the 180 acre homestead property, the 14.678 acre property, the 21 acre property, the 1 acre property, and the 77.07 acre property.

### b.  Homestead Interest Subject to Foreclosure

Ms. Lyon concedes that the United States is entitled to judgment on the pleadings against her interest in the 14.678 acre property, the 21 acre property, the 1 acre property, and the 77.07 acre property.  However, Ms. Lyon argues that she is entitled to one-half of the proceeds of the foreclosure sale of the 180 acre homestead property because she has a separate property interest in the homestead under Texas law.  While it is true that Ms. Lyon has a separate property interest

in the 180 acre homestead property, that property interest is limited by Texas law. Section 3.202(c) permits the United States to foreclose on Ms. Lyon's property interest in the 180 acre homestead property because that community asset was jointly managed by Mr. and Ms. Lyon at the time the federal judgment lien arose against her then-husband. The effect of section 3.202(c) is that Mr. Lyon's restitution judgment debt can be paid from all of the then-married couple's jointly managed community property, including but not limited to Ms. Lyon's interest in the 180 acre homestead property.

Ms. Lyon relies on the United States Supreme Court decision in *Rodgers* in support of her separate-property-interest-in-the-homestead argument. But her reliance on *Rodgers* is misplaced. In *Rodgers*, the Supreme Court stated that "the Texas Constitution . . . give[s] each spouse in a marriage a separate and undivided possessory interest in the homestead." *Rodgers*, 461 U.S. at 685. The Supreme Court went on to explain that "the Texas homestead right is not a mere statutory entitlement, but a vested property right." *Id.* at 686. However, the *Rodgers* Court expressly declined to address whether, "under Texas law, the entire community property . . . is liable for the indebtedness of the delinquent spouse." *Id.* at 699 n.27 (citing Tex. Fam. Code Ann. § 5.61(c) (1975)).[6] As such, *Rodgers* does not provide significant guidance regarding the issue presented here: whether Ms. Lyon's interest in the 180 acre homestead property—a jointly managed community asset—is liable for Mr. Lyon's restitution judgment debt under section 3.202(c). But Fifth Circuit case law does. *Elashi*, *Buescher*, *Loftis*, *Gray*, *Aguirre*, and *Solomon* all support the conclusion that the United States is entitled to foreclose on Ms. Lyon's undivided one-half interest in the 180 acre homestead property under section 3.202(c) to partially satisfy

---

[6] Section 5.61(c)—the nearly identical predecessor statute to section 3.202(c)—provided that "[t]he community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him or her before or during marriage." *Cockerham v. Cockerham*, 527 S.W.2d 162, 169 (Tex. 1975) (quoting Tex. Fam. Code § 5.61(c)).

the restitution judgment debt in *Lyon I*. *See, e.g.*, *Elashi*, 789 F.3d at 551-52; *Buescher*, 783 F.3d at 306; *Loftis*, 607 F.3d at 178-79; *Gray*, 553 F.3d at 413; *Aguirre*, 476 F. App'x at 335; *Solomon*, 1997 WL 680934, at *3. The Court is sympathetic to Ms. Lyon's plight. But it does not appear that she is entitled to relief in this Court.[7]

### 3. MCM

### a. Priority of Judgment Liens

The United States argues that it is entitled to judgment on the pleadings against MCM. Specifically, the United States argues that it is entitled to judgment on the pleadings against MCM because the United States' judgment liens have priority over MCM's abstracts of judgment. The Court agrees.

"In 2004, Congress enacted the Crime Victims' Rights Act ('CVRA'), which gives victims eight enumerated rights, including '[t]he right to full and timely restitution *as provided in law*.' " *United States v. Slovacek*, 699 F.3d 423, 426 (5th Cir. 2012) (quoting 18 U.S.C. § 3771(a)(6) (alteration in original) (emphasis added)). One such law is the MVRA. "The MVRA makes restitution mandatory for certain crimes . . . ." *DeCay*, 620 F.3d at 539. "Under the MVRA, defendants are required to make full restitution for offenses in which an identifiable victim has suffered a pecuniary loss." *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006) (citing 18 U.S.C. § 3663A(c)(1)(B)).

---

[7] The Court notes that section III.B.2. of these Findings, Conclusions, and Recommendation does not foreclose the possibility that Ms. Lyon is entitled to some compensation for the loss of her standalone homestead rights in the 180-acre homestead property. Texas law apparently provides both a property interest in the real property on which homestead rights are impressed and homestead rights standing alone. *See, e.g.*, *In re Odes Ho Kim*, 748 F.3d 647, 661 (5th Cir. 2014) ("Homestead rights have *some* value *to a spouse*, separate and apart from an ownership interest in the real property on which homestead rights are impressed."); *In re Thaw*, 769 F.3d 366, 369 (5th Cir. 2014) ("*In re Kim* clarified that a homestead interest may constitute a vested property right, and that a non-debtor spouse could be entitled to compensation from the sale of a property to which a homestead right attaches."). However, the Court has not been presented with any argument regarding whether Ms. Lyon is entitled to compensation for her standalone homestead rights in light of section 3.202(c) and, if so, the appropriate methodology for calculating the value of her standalone homestead rights. Accordingly, the Court reserves making any findings, conclusions, or recommendation regarding whether the United States is entitled to judgment on the pleadings against Ms. Lyon's interest in her standalone homestead rights until the issue is fully briefed. In that regard, the parties are directed to footnote 8, *infra*.

The MVRA thus provides victims of certain crimes with a substantive right to obtain full restitution from a criminal defendant. *See, e.g.*, *United States v. Aguirre-Gonzalez*, 597 F.3d 46, 48 n.2 (1st Cir. 2010) (explaining that the MVRA "provides victims of certain economic crimes with a right to a mandatory restitution"); *Fed. Ins. Co. v. United States*, 882 F.3d 348, 357 (2d Cir. 2018) (explaining that the MVRA "confers a substantive right to restitution"); *United States v. Martin*, 195 F.3d 961, 968 (7th Cir. 1999) (referring to the "right of restitution" contained within the MVRA); *United States v. Kovall*, 857 F.3d 1060, 1070 (9th Cir. 2017) (acknowledging that the MVRA sets out a "substantive right[] to restitution"); *see also United States v. Franklin*, 595 F. App'x 267, 271 (5th Cir. 2014) (concluding that a victim was "entitled to restitution" under the MVRA). That substantive right to restitution vests when the sentencing court enters an MVRA restitution order. *See* 18 U.S.C. § 3613(c) (providing that an MVRA restitution order is "a lien in favor of the United States" that "arises on the entry of judgment"). An MVRA restitution order is perfected upon proper filing of a notice of lien. *See id.* § 3613(d); 26 U.S.C. § 6323(f). An MVRA judgment lien is entitled to equal treatment as a federal tax lien. *See* 18 U.S.C. § 3613(c).

"[F]ederal law controls for the purpose of determining whether an attached tax lien has priority over competing liens asserted against the taxpayer's property." *Metro. Nat. Bank v. United States*, 901 F.2d 1297, 1300 (5th Cir. 1990) (citing *Rodgers*, 461 U.S. at 683). "As a general rule, competition for priority between tax liens and other encumbrances is determined on the basis of first in time, first in right." *Read v. U.S. ex rel. Dep't of Treasury*, 169 F.3d 243, 252 (5th Cir. 1999) (citing *United States v. City of New Britain, Conn.*, 347 U.S. 81 (1954)). "Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.' " *U.S. By & Through I.R.S. v.*

*McDermott*, 507 U.S. 447, 449 (1993) (quoting *New Britain*, 347 U.S. at 85 (internal quotation marks omitted)).

The Court concludes that the United States is entitled to judgment on the pleadings against MCM. The United States is seeking to foreclose a federal criminal restitution judgment lien on five pieces of property in which MCM has an interest in order to partially satisfy the restitution judgment debt owed by Mr. Lyon in *Lyon I*. It is undisputed that the United States in 2002 and 2003 properly recorded notices in the official records of Jack County, Parker County, and Palo Pinto County of the federal judgment lien against Mr. Lyon. The United States' federal judgment lien is based on the MVRA restitution order entered against Mr. Lyon on July 12, 2002, in *Lyon I*. The restitution order in *Lyon I* vested Bank of America—the victim of a federal financial crime involving fraud or deceit—with a substantive right to obtain full restitution from Mr. Lyon. MCM in 2017 subsequently recorded abstracts of judgment against Mr. Lyon in Jack County, Parker County, and Palo Pinto County based on a state court judgment entered against Mr. Lyon on February 3, 2017. An MVRA restitution order was later entered against Mr. Lyon on March 24, 2017, in *Lyon II*. The restitution order in *Lyon II* also vested MCM—the victim of a federal financial crime involving fraud or deceit—with a substantive right to obtain full restitution from Mr. Lyon. Nevertheless, the Court concludes that the United States' earlier-filed federal judgment lien has priority over MCM's later-filed abstracts of judgment. The Court further concludes that Bank of America's earlier-vested right to restitution is superior to MCM's later-vested right to restitution. It is therefore recommended that the motion for judgment on the pleadings be granted against MCM.

### b. Equitable Distribution

MCM concedes that the United States is entitled to foreclose on the 180 acre homestead

property, the 14.678 acre property, the 21 acre property, the 1 acre property, and the 77.07 acre property in order to partially satisfy the federal restitution judgment lien in *Lyon I*. However, MCM argues that it is entitled to an equitable distribution of the proceeds of the foreclose sales from the five properties in light of the MVRA restitution order entered in *Lyon II* because the text of the MVRA purportedly provides for the equitable distribution of restitution to all of an offender's "victims." *See, e.g.*, 18 U.S.C. § 3612(c)(2) (providing for "[r]estitution of all victims"); *id.* § 3664(i) (providing for priority of payment of "victims"); *id.* § 3664(j)(1) (providing for payment of restitution to a third-party provider of compensation so long as "all restitution of victims" is paid first); *id.* § 3664(k) (referring to "the victim or victims owed restitution").

MCM's argument severs the term "victims" from its proper statutory context. The MVRA only refers to providing restitution to multiple "victims" in the context of a single restitution order entered by the sentencing court. *See, e.g.*, 18 U.S.C. § 3612(b)(G) (referring to "each victim to whom restitution is owed" in the context of "a restitution order"); *id.* § 3612(c)(2) (referring to "[r]estitution of all victims" in the context of "[a]n order of restitution"); *id.* § 3664 (provision entitled "Procedure for issuance and enforcement of order of restitution"); *id.* § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); *id.* § 3664(i) (plain language of subsection (i) limiting its application to one criminal "case"); *id.* § 3664(j)(1) (referring to "all restitution of victims" in the context of "the restitution order"); *id.* § 3664(k) (referring to "the victim or victims owed restitution" in the context of "[a] restitution order"). Thus, the MVRA is silent regarding how a court should prioritize multiple restitution orders in different cases with several

different victims.

"Sitting in equity, the district court is a 'court of conscience.' " *United States v. Durham*, 86 F.3d 70, 73 (5th Cir. 1996) (quoting *Wilson v. Wall*, 73 U.S. 83, 90 (1867)).  A court in equity must "do what is [just and] right under the circumstances." *Id.*  In this case, the Court concludes that it would be inequitable to proportionally distribute the proceeds of the foreclosure sales from the five properties between Bank of America and MCM under the circumstances presented, namely, where Bank of America's earlier-vested right to restitution is superior to MCM's later-vested right to restitution.  In an idyllic imperfect world, all victims would receive full restitution for the wrongs committed against them by their perpetrators.  But the unfortunate reality is that wrongdoers often lack the funds to fully compensate their many victims.  When multiple MVRA restitution orders are entered against the same defendant over the course of time, the first-in-time-first-in-right principle should control the satisfaction of each restitution order.  To conclude otherwise would unfairly deprive victims with earlier-vested superior rights to restitution of their rightful compensation.  Accordingly, the Court concludes that MCM is not entitled to an equitable distribution of the proceeds of the foreclose sales of the 180 acre homestead property, the 14.678 acre property, the 21 acre property, the 1 acre property, and the 77.07 acre property.

### C. The United States' Entitlement to Summary Judgment Against GSFC

The United States argues that it is entitled to summary judgment against GSFC.  The Court agrees.  The United States is seeking to foreclose a federal criminal restitution judgment lien on the 180 acre homestead property in which GSFC has an interest in order to partially satisfy the restitution judgment debt owed by Mr. Lyon in *Lyon I*.  The Court has already concluded that GSFC has not met its burden to produce evidence of a genuine issue of material fact for trial and the United States is entitled to foreclose as a matter of law.  Summary judgment

will not result in any detriment to GSFC because GSFC holds a negotiable instrument security interest—*i.e.*, its first-in-time mortgage lien on the 180-acre property—that is superior to the United States' federal judgment lien.  [ECF 2 at Ex. G]; *see, e.g.*, 18 U.S.C. § 3613(d); 26 U.S.C. § 6323(b)(1)(B); 26 U.S.C. § 6323(h)(1), (4).  Further, the United States has apparently acknowledged that lienholders with first-in-time-and-right interest superior to the United States' criminal restitution judgment lien should receive full distribution from the foreclosure sales of the five properties prior to any satisfaction of the restitution judgment debt in *Lyon I*.  It is therefore recommended that the motion for summary judgment be granted against GSFC.

## IV.  RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion for Judgment on the Pleadings and/or Summary Judgment [ECF 34] filed by the United States be GRANTED.  Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Partial Judgment on the Pleadings and Partial Summary Judgment be GRANTED to the United States to foreclose on the five pieces of property in which Mr. Lyon has an interest;

(2) Default Judgment be GRANTED to the United States against Mr. Lyon;

(3) Judgment on the Pleadings be GRANTED to the United States against Ms. Lyon, except as to the issue identified in footnote seven of these Findings, Conclusions, and Recommendation;[8]

(4) Judgment on the Pleadings be GRANTED to the United States against MCM; and

(5) Summary Judgment be GRANTED to the United States against GSFC.

---

[8] If these Findings, Conclusions, and Recommendation are adopted by the District Judge, then the United States and Ms. Lyon **will have fourteen (14) days from the date of the order adopting** the Recommendation to submit separate briefs addressing the issue identified in footnote seven of these Findings, Conclusions, and Recommendation.

It is further RECOMMENDED that:

(1) Ms. Lyon's Motion for Partial Summary Judgment, [ECF 39], and MCM's Motion for Equitable Distribution of Foreclosure Proceeds Among All of Tony Lyon's Victim's, [ECF 33], be DENIED as moot;

(2) the United States be permitted to SELL the five pieces of property in which Mr. Lyon has an interest free and clear of all liens, judgment, claims, and encumbrances, except as to the issue identified in footnote seven of these Findings, Conclusions, and Recommendation; and

(3) the proceeds of the foreclosure sales be DISTRIBUTED by the United States in the following order:

   (a) costs, expenses, and fees incurred in the sale of each property;

   (b) ad valorem taxes due on each property;

   (c) lienholders with a first-in-time-and-right interest superior to the United States' federal criminal restitution judgment lien, including GSFC;

   (d) the remainder of the foreclosure sale of the 180 acre homestead property to the Clerk of Court for the Northern District of Texas to be held pending further court order; and

   (e) the remainder of the foreclosure sales of the 14.678 acre property, the 21 acre property, the 1 acre property, and the 77.07 acre property to the Clerk of Court in partial satisfaction of the restitution judgment debt in *Lyon I*.

## V. <u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 3, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).