IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TONY EUGENE LYON, TANYA LYON, and GRAHAM SAVINGS FINANCIAL CORPORATION and MIDWESTERN CATTLE MARKETING, LLC,<br><br>    Defendants. | No. 2:17-CV-209-D |

**STIPULATION FOR SETTLEMENT OF
TANYA LYON'S LIFE ESTATE INTEREST IN CERTAIN PROPERTY**

The United States of America, by the United States Attorney for the Northern District of Texas, and Tanya Lyon, by her attorneys, stipulate and agree as follows:

1. On October 26, 2017, the United States filed a civil complaint to foreclose its statutory judgment lien,[1] pursuant to 18 U.S.C. § 3613(a) and 28 U.S.C. § 1345, against Tony Lyon's interest in the following real property:

> PARCEL A:
> **3100 Back Cemetery Road
> Perrin County and Jack County**
> 180 acres out of T.E. & L. Company Survey No. 2558, Abstract No. 670, and T. E. & L. Company Survey N. 2559, Abstract no. 671 Jack County, Texas, described as follows, to wit:
> BEGINNING at the Southwest corner of T. E. & L. Company Survey no. 2559; THENCE East 1511 varas to corner in the South Boundary Line of T. E. & L. Company Survey No. 2558;
> THENCE North 672 varas to corner; THENCE West 1511 varas to corner in the West Boundary Line of T.E. & L. Company Survey No. 2559;
> THENCE South of 672 varas to the place of beginning.

---

[1] *See* judgment in *United States v. Tony Eugene Lyon*, No. 2:01-CR-079 (N.D. Tex.).
**Stipulation for Settlement (Tanya Lyon) – Page 1**

PARCEL B:
## 14.678 Acres in Parker County
Being the SURFACE ONLY of a 14.678 acres tract of land, more or less, and being a part of the T.E. & L. Company Survey No. 2571, Abstract No. 1315, Parker County, Texas, and more fully described as follows: BEGINNING at an iron pin in the West Boundary of a County Road, West 20.30 feet from the southeast corner of the T.E. & L. Company Survey No. 2571, Abstract No. 1315;

THENCE along the West Boundary Line of a County Road, north 0 deg. 08 min. West 396.98 feet, iron pin corner;

THENCE along a fence line, South 0 deg. 34 min. East, 395.98 feet, post corner;

THENCE along a fence line, East 1612.98 feet to the Point of Beginning, and containing 14.678 acres of land.

PARCEL C:
## 21 Acres in Parker County
TRACT ONE:
BEING 14.678 acres, more or less, out of the T.E. & L. Company Survey, No. 2571, Abstract no. 1315, Parker County, Texas, more fully described as follows:

BEGINNING at an iron pin in the West Boundary Line of a County Road, West 20.30 feet and North 0 deg. 08 min. West, 791.35 feet from the Southeast corner of the T.E. & L. Company Survey No. 2571, Abstract No 1315, Parker County, Texas;

THENCE West, 1618.76 feet, point in a lake for a corner;

THENCE East, 1615.77 feet, iron pin in the West Boundary Line of a County Road for corner; THENCE along the West Boundary Line of a County Road, North 0 deg. 08 min. West 395.35 feet to the Point of Beginning.

TRACT TWO:
BEING 7.00 acres, more or less, and being a part of a TRACT "B" subdivision of a 58.712 acres of land being a part of the T.E. & L Company Survey No. 2571, Abstract No. 1315, Parker County, Texas, and more fully described as follows:

BEGINNING at an iron pin in the West Boundary Line of a County Road, the northeast corner of a TRACT "C" of said subdivision, being West 20.30 feet and North 0 deg. 08 min. West 791.35 feet from the southeast corner of the T.E. & L. Company Survey No. 2571, Abstract No. 1315;

THENCE along the West Boundary Line of a county road, North 0 deg. 08 min. West 188.36 feet, iron pin corner;

THENCE West, 1620.18 feet, an inaccessible point for corner;

THENCE East, 1618.76 feet to the Point of Beginning, and containing 7.00 acres of land.

PARCEL D:
## One Acre in Palo Pinto County and Parker County
All that certain tract or parcel of land and being a one (1) acre tract, more or less, out of the Northeast corner of a certain 60 acre tract described as follows, to-wit:

**Stipulation for Settlement (Tanya Lyon) – Page 2**

>Being 60 acres of land out of the T.E. & L. Company Survey No. 2571, Abstract 1315, in Palo Pinto and Parker Counties, Texas, described by metes and bounds as follows, to wit:
>BEGINNING at the Southeast corner of Survey No. 2571;
>THENCE West 588 varas for corner;
>THENCE North 576 varas for corner;
>THENCE East 588 varas for corner;
>THENCE South 576 varas to the place of beginning, being the same land described in deed from Lizzie King to G.D. Fallis, recorded in Volume 159, Page 217, Deed Records, Parker County, Texas;
>Said one (1) acre tract herein conveyed being located in Parker County, Texas, and described by metes and bounds as follows, to-wit:
>BEGINNING at the Northeast corner of the above described 60 acre tract;
>THENCE West 208.73 feet for corner;
>THENCE South 208.73 feet for corner;
>THENCE East 208.73 feet for corner;
>THENCE North 208.73 feet to the place of beginning and containing one acre of land, more or less.
>
>PARCEL E:
>**77.07 Acres in Palo Pinto County and Parker County**
>BEING 77.07 acres of land more or less out of 80 acres of land, out of the T.E. & L Co. Survey No. 2571, Abstract No. 1315, in Parker and Palo Pinto Counties, Texas, the 80 acre tract of land described by metes and bounds as follows:
>BEGINNING at the Northeast corner of T E & L Co. Survey No. 2571;
>THENCE West 588 vrs to corner;
>THENCE South 768 vrs to corner;
>THENCE East 588 vrs a corner in the East line of T E & L Co. Survey No. 2571;
>THENCE North 768 vrs to the place of beginning.
>SAVE AND EXCEPT 2.93 acres of land more or less out of the above 80 acre tract being described in the Warranty Deed executed by Elizabeth King to George C. Moore, dated August, 1966, recorded in Volume 430, page 493, Deed Records, Parker County, Texas,
>SAVE AND EXCEPT any portion in public or private roadway.

2. Defendant Tanya Lyon, the ex-spouse of defendant Tony Lyon, has claimed her life estate interest in a 200-acre rural homestead under Texas law.

3. On March 14, 2019, after consideration of the United States' motion for judgment on the pleadings and Tanya's motion for partial summary judgment, this court granted the United States a judgment of foreclosure against property in which Tanya has

**Stipulation for Settlement (Tanya Lyon) – Page 3**

an ownership interest, including her homestead. Additionally, the court referred this case to the magistrate judge to determine the amount of compensation due to Tanya upon closing the foreclosure sale. The United States and Tanya have since resolved this matter on the following terms and conditions.

4. The United States and Tanya agree that pursuant to 18 U.S.C. § 3613, the federal criminal restitution judgment lien operates as a federal tax lien against all of Tony's property and rights to property, including homestead property, in accordance with 26 U.S.C. § 7403.

5. The United States and Tanya agree that Tanya's interest in the net sale proceeds from the foreclosed property is limited to her life estate interest in the homestead under Texas law. Further, they acknowledge that *United States v. Rodgers*, 461 U.S. 677 (1983) and *Harris v. United States*, 764 F.2d 1126 (5th Cir. 1985) provide the controlling law for valuing the respective property interests of Tony and Tanya in this case.

6. To calculate the compensable interests in homestead property subject to foreclosure, the United States employs the methodology prescribed in Section 7520 of the Internal Revenue Code, the current Revenue Ruling interest rate, and Internal Revenue Service Publication 1457 on life estates and remainder interests. First, the judgment debtor/taxpayer and non-liable spouse own a joint homestead interest, which is the economic equivalent of a joint life estate while both spouses remain alive. Second, each spouse owns a contingent homestead interest or life estate, which becomes a possessory interest in favor of the surviving spouse, apportioned between them based on age and life expectancy. Finally, while both spouses jointly own the remainder interest, the United

States is entitled to all of the remainder interest in the property at the termination of the non-liable spouse's life estate. These three components comprise the judgment debtor/taxpayer's share of the homestead interest upon foreclosure.

7. To avoid the time and expense of further litigation, including appeals, based on the distinct facts and circumstances of this case only, the United States agrees to pay, and Tanya agrees to accept, in full settlement and satisfaction of her life estate claim in 200 acres of rural homestead property the following:

    a.    50% of the net sale proceeds from PARCEL A; plus

    b.    47.6% of PARCEL C;[2]

    c.    after the payment of (1) costs, expenses, and fees incurred in the sale of each property; (2) prorated ad valorem taxes due on each property; and (3) the purchase money lien held by Graham Savings Financial Corp..

8. To minimize transactional costs, Tanya consents to the immediate sale of the property at the discretion of the United States, which reserves the right to communicate with any potential buyer or broker, approve the terms of the listing, including the commission, fees, price changes, and time limits to market the property for sale.

9. To maximize available net equity, Tanya agrees to fully cooperate with the United States in the liquidation of the property, to execute any and all documents necessary to transfer title to each parcel of property and/or consent to the court's appointment of a receiver upon the motion of the United States, and to release any and all right, title, and interest she may have in and/or to the property in exchange for the consideration stated in

---

[2] Under Texas law, Tanya has a 200-acre rural homestead interest in PARCEL A at 3100 Back Cemetery Road, comprised of 180 acres in Jack County and Perrin County, plus 95% of PARCEL C, which represents 20 of the 21 acres in Parker County.

**Stipulation for Settlement (Tanya Lyon) – Page 5**

the above Paragraph 7.

10. Pending the completion of the foreclosure sale, Tanya agrees to maintain the property in the same condition and repair from the date of execution of this stipulation, to the closing of a sale, including but not limited to the following:

   a. keeping the property free of hazards and structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair, keeping the property clean and performing sanitation and waste removal as needed, keeping the property and grounds in good condition by providing all ordinary and necessary routine maintenance;

   b. maintaining casualty and fire insurance equal to the full replacement cost of the property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon, in the minimum amount of $500,000.00, subject to modification by further court order, and adding a rider to all above mentioned policies naming the United States as a loss payee and additional insured until further court order; [3] and

   c. paying the mortgage and taxes on PARCEL A and PARCEL C such that neither becomes more than 90 days past due.

11. Tanya agrees to present any offers to purchase the property to the United States Attorney's Office for approval before accepting an offer. The United States Attorney's Office agrees to respond to any offers within 24 hours of receipt of each offer. As the United States lacks the unilateral power to execute contracts for sale in judicial foreclosure actions, upon the receipt of an offer it believes to be in the best interests of all stakeholders, it will file a motion for confirmation of the sale of the property.

12. The United States will issue payoff letters to the title company to release its

---

[3] The United States and Tanya agree and stipulate that the insurance policy provided to the United States Attorney's Office by Tanya's counsel, identified as Traveler's policy number 700-9K174019-COF-18, so long as it continues to be in effect or is renewed, meets the requirements of this paragraph. Tanya further agrees to promptly add the United States as a loss payee.

**Stipulation for Settlement (Tanya Lyon) – Page 6**

notices of lis pendens and/or liens against the property at closing and file a motion with the court for the distribution of the net sale proceeds in accordance with the lien priority set forth in the complaint, judgment, and this stipulation.

13. This stipulation shall not prevent the United States from pursuing all other available administrative and judicial remedies to enforce the judgment debt in *United States v. Tony Eugene Lyon*, No. 2:01-CR-079 (N.D. Tex.).

14. The United States Attorney's Office neither represents the Internal Revenue Service, nor alleges any tax advice in this matter, and nothing in this stipulation shall limit, waive, or release any administrative or judicial civil claim, demand, or cause of action, whatsoever, of the United States or its agencies.

15. The court will retain jurisdiction to enforce this stipulation.

AGREED:

| | |
|---|---|
| ERIN NEALY COX<br>UNITED STATES ATTORNEY | ATTORNEYS FOR TANYA LYON |
| */s/ Melissa A. Childs*<br>MELISSA A. CHILDS<br>Assistant United States Attorney<br>Illinois Bar No. 6279737<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone: 214-659-8600<br>Email: melissa.childs@usdoj.gov<br>Dated: April 12, 2019 | */s/ Richard Biggs (agreed by email)*<br>RICHARD BIGGS<br>JOHN BROWN<br>Mullin, Hoard & Brown, LLP<br>500 South Taylor, Suite 800<br>Amarillo, Texas 79120-1656<br>Telephone: 806-337-1125<br>Email: rbiggs@mhba.com<br>Dated: April 12, 2019 |